261 P.2d 942

**CHAMBERLAIN et al. v. MONTGOMERY et al.**

**No. 7934.**

Supreme Court of Utah.

Oct. 16, 1953.

32

Brockbank & Paxman, Provo, for appellant.

Charles Welch, Jr., Francis M. Gibbons, Senior & Senior, Salt Lake City, for respondents.

McDONOUGH, Justice.

Appellant was plaintiff in an action below concerned with opposing claims to verascite mining property. Respondents had located the property, by them designated The Little Green Monster Lode Mining Claim, in 1937. In 1940, appellant's father, since deceased, observing no activity on the property, hired an engineer to watch the property and to determine whether the required $100 assessment work was performed during the succeeding year.

The engineer reported to him, after having made several inspections, that he estimated that only about three days' work had been done. An affidavit of Work Done was filed on behalf of respondents on May 13, 1941. On July 2, 1941, appellant's father attempted to locate over the property on the basis of the engineer's report to him. In December, 1950, respondents filed their application for a United States Patent; appellant filed an adverse claim and later brought suit. Respondents produced evidence at trial showing that the greater part of the development for the year ending July 1, 1941, was performed in what was called the "old workings" of the mine, entrance to which was made by way of a narrow incline leading from a drift; and that this entrance was closed each day after the workers were through by shoveling the muck back in place to conceal the exposed verascite deposits from trespassers, and thus the work done was not observed by the appellant's engineer. Proof that the assessment work was done was (1) The Affidavit of Work Done, (2) the testimony of the men who did the work, (3) a letter from one of the respondents acknowledging the work done, dated July 9, 1941, and (4) the testimony of an expert as to value of the assessment work. This certainly was sufficient evidence of the fact that the work was done and this court cannot pass upon the credibility of the witnesses before the lower court.

Appellant claims that if the work was done, he and his predecessor were unable to observe it because of respondents' concealment of the premises and that this was a violation of the good faith required to maintain a mining claim.

Title 30 U.S.C.A. § 28 of the Mining Laws of the United States requires:

" * * * On each claim located after the 10th day of May ¹872, and until a patent has been issued therefor, not less than $100 worth of labor shall be performed or improvements made during each year. * * *"

Appellant cites us to a number of cases discussing the statute, which are exemplified by his citation of Royston v. Miller, C.C., 76 F. 50, to the effect that the object of the law requiring annual work is that the holder of a mining claim shall give substantial evidence of his good faith. We agree that such is the law, but we cannot agree with appellant's deduction that the work must be performed openly and notoriously in order to give notice to subsequent claimants that it is being done. Notice that the work is being done in accordance with the assessment statute is given in the filing of the affidavit in the office of the county recorder and posting.[1] The good faith required is the bona fide intention to develop the land and use the mineral resources, an assurance to the United States Government, evidenced by expending $100 in labor or materials. As was said in Chambers v. Harrington, 111 U.S. 350, 4 S.Ct. 428, 430, 28 L.Ed. 452:

1. U.C.A.1953, 40-1-6.

"Clearly, the purpose was the same as in the matter of similar regulations by the miners, namely, to require every person who asserted an exclusive right to his discovery or claim, to expend something of labor or value on it as evidence of his good faith, and to show that he was not acting on the principle of the dog in the manger."

Thus, the trial court's finding that the work was in fact done during the questioned year, whether or not it was easily discoverable to appellant, supports the conclusion that respondents retained their prior claim. The judgment of the lower court is affirmed. Costs to respondents.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.